*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ENCOMPASS HEALTHCARE, PLLC,

Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY,

Defendant-Appellee.

FOR PUBLICATION
October 29, 2025
2:39 PM

No. 357225
Oakland Circuit Court
LC No. 2019-177749-CZ

ON REMAND

Before: YATES, P.J., and K. F. KELLY and ACKERMAN, JJ.

YATES, P.J.

In this no-fault insurance case, we must once again consider whether the claims made by plaintiff, Encompass Healthcare, PLLC (Encompass), are barred by the one-year-back rule in MCL 500.3145. In 2019, our Legislature amended MCL 500.3145 to add a tolling provision for accrued claims for medical treatment that had not been formally denied by an insurer. The parties, the trial court, and this Court proceeded, implicitly or explicitly, with the understanding that the amended version of MCL 500.3145 applied retroactively to this case, so the outcome turned on whether the "Explanations of Review" that Citizens Insurance Company (Citizens) provided to Encompass and the insured constituted a formal denial under MCL 500.3145(3). Our Supreme Court subsequently determined that the amended version of MCL 500.3145 should not be retroactively applied. *Spine Specialists of Mich, PC v MemberSelect Ins Co*, ___ Mich ___; ___ NW3d ___ (2025) (Docket No. 165445). As a result, the one-year-back rule applies in this case, so we vacate the trial court's opinion and remand for further proceedings, which almost certainly will involve granting summary disposition to Citizens.

## I. FACTUAL BACKGROUND

As this Court previously summarized the facts in this matter:

The goals of Michigan's no-fault insurance system include promptly compensating victims of motor vehicle accidents for covered losses and reducing

-1-

the need for litigation. When an insurer denies a claim, the one-year-back rule serves another goal: encouraging claimants to file suit when the evidence is fresh by limiting recovery for improperly denied claims to losses incurred during the year before the action is filed.

\* \* \*

For decades, our courts equitably tolled the one-year damage-limiting provision from the date that the loss was reported until the date the insurer formally and explicitly denied liability. Our Supreme Court eradicated this judicial tolling of the one-year-back rule in *Devillers v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005), holding that because the statute did not include a tolling mechanism, none could be engrafted. In 2019, however, the Legislature amended the no-fault act by adding a tolling provision. Now, the one-year-back period is tolled until the date of the insurer's formal denial of a claim.

\* \* \*

The facts are undisputed. In December 2017, Ronald Mannor was injured in a motor vehicle accident and required surgery to repair a cervical fracture. Mannor later developed a pressure sore. Encompass provided treatment for the pressure sore from June 2018 to October 2018. Encompass sought reimbursement from Citizens of $921,828.44, but Citizens paid only $177,655.25. In May 2019, Mannor assigned his rights to benefits and recovery to Encompass.

On November 4, 2019, Encompass filed a complaint in the Oakland Circuit Court, asserting breach of contract and seeking declaratory relief against Citizens for unpaid no-fault benefits. Encompass alleged that Citizens improperly refused to reimburse it for the reasonably necessary services it provided to Mannor. Encompass requested a declaration concerning Citizens' obligation to pay and a judgment for the unpaid reimbursement claims, plus costs, interest, and fees.

Following initial discovery, Citizens moved for summary disposition under [MCR] 2.116(C)(7), (8), and (10). Citizens contended that the one-year-back rule of MCL 500.3145(2) abrogated any further obligation of payment because Encompass's November 4, 2019 complaint was filed more than a year after the losses at issue were incurred, as Mannor's treatment ended in October 2018. Citizens requested that the court grant its motion and either (1) dismiss Encompass's complaint in its entirety with prejudice or (2) dismiss Encompass's complaint with respect to any expenses incurred before November 4, 2018 (which would account for all of Encompass's expenses).

Encompass conceded that its expenses were incurred more than a year before it initiated this action but argued that reimbursement was nevertheless warranted because of the recently adopted tolling provision within MCL 500.3145(3). According to Encompass, because Citizens had never formally

denied its reimbursement claims, the one-year-back rule remained tolled and Encompass was not required to preserve its claims with an earlier complaint.

Citizens countered that MCL 500.3145(2) requires strict compliance and is not subject to tolling under MCL 500.3145(3), at least not under the circumstances here. [*Encompass Healthcare, PLLC v Citizens Ins Co*, 344 Mich App 248, 250-253; 998 NW2d 751 (2022).]

The trial court partially granted summary disposition to Citizens, stating that, pursuant to the one-year-back rule, any expenses incurred by Encompass before November 4, 2018, were not recoverable because the complaint was filed on November 4, 2019. *Id*. at 253. Also, the trial court ruled that Citizens' "Explanations of Review" (EORs) constituted "formal denial[s]" contemplated by MCL 500.3145(3), and that summary disposition in favor of Citizens was appropriate for claims denied by EORs before November 4, 2018. *Id*. The trial court essentially decided that both MCL 500.3145(2) and MCL 500.3145(3) barred recovery, and the trial court presumed that the amended version of MCL 500.3145 was applicable. Finally, because all of Encompass's expenses predated November 4, 2018, the trial court's determination essentially foreclosed recovery in this matter.

On appeal to this Court, Encompass contended the trial court erred because the EORs were not "formal denial[s]" as contemplated by the amended version of MCL 500.3145(3), and, because Citizens never formally denied the reimbursement claims, the one-year-back rule remained tolled until Encompass filed its complaint in November 2019. *Id*. at 255-256. Encompass's argument seemingly presumed that the amended version of MCL 500.3145(3) applied retroactively. Citizens responded that the EORs did, in fact, constitute formal denials pursuant to MCL 500.3145(3), and further asserted that the trial court did not err in its application of MCL 500.3145(2) and the one-year-back rule. *Id*. at 256-257. Neither party contested whether the pre-amendment or amended version of MCL 500.3145 should apply.

In 2022, this Court described the legislative amendment of MCL 500.3145 that added the tolling exception as "identical to the judicially[-]enacted tolling provision embraced in the cases that *Devillers* overruled, demonstrating the Legislature's intent to reimpose a tolling exception to the one-year-back rule in the form that it existed before *Devillers*," essentially affording retroactive effect to the amended version of MCL 500.3145(3). *Id*. at 260. This Court reasoned that the EORs did not constitute formal denials pursuant to pre-*Devillers* jurisprudence, and decided that "tolling remained in effect under MCL 500.3145(3) until Encompass filed its November 4, 2019 complaint, and its reimbursement claims were not time-barred by the one-year-back rule," so "[s]ummary disposition should have been denied without qualification." *Id*. at 260-263.

In an opinion issued that same day, but not approved for publication until February 2, 2023, a different panel of this Court reached a contrary conclusion, explaining that because the amended version of MCL 500.3145 does not contain any provision for retroactive application, and because claims for medical treatment accrue at the time that treatment is provided, any claims that accrued before the amended version of MCL 500.3145 took effect on June 11, 2019, are not subject to its new tolling provision, regardless of whether those claims were formally denied. *Spine Specialists of Mich, PC v MemberSelect Ins Co*, 345 Mich App 405; 5 NW3d 108 (2022). Our Supreme Court affirmed, observing that the prior version of MCL 500.3145 required a claimant to file an action in the trial court within one year of the medical services being rendered, otherwise, "[i]f more than

a year had elapsed, the statute barred recovery for those expenses." *Spine Specialists*, ___ Mich at ___; slip op at 6. Our Supreme Court determined that, although the amended version of MCL 500.3145(3) allows for tolling of the one-year-back rule under certain circumstances, applying the amended statute to any claims that accrued prior to June 11, 2019, "would necessarily require retroactive application of the statute." *Id*. at ___; slip op at 7, 9. However, our Supreme Court concluded that the Legislature omitted retroactive language in the amended statute, and the new formal-denial requirement "carries a heightened obligation" that "could also require insurers to reconstruct their past responses to claims," thereby compelling insurers to "meet standards and obligations that did not exist when it originally denied" claims, if the amended version of MCL 500.3145(3) were given retroactive application. *Id*. at ___; slip op at 12-18. Instead, our Supreme Court foreclosed insureds from obtaining benefits for medical treatment before June 11, 2019, if their claims were otherwise barred by the one-year-back rule, holding that the amended version of MCL 500.3145 was not entitled to retroactive application. *Id*. at ___; slip op at 20.

In a separate order, our Supreme Court granted oral argument on the application for leave to appeal in the instant case, directing the parties to address:

> (1) whether the defendant waived its challenge to the retroactive application of MCL 500.3145(3); (2) whether the Court of Appeals correctly applied the tolling provision of the one-year-back rule, MCL 500.3145(3), to claims that accrued, MCL 500.3110(4), before the amendment to § 3145 took effect on June 11, 2019, cf. *Spine Specialists of Mich, PC v MemberSelect Ins Co*, ___ Mich App ___ (Docket No. 358296, rel'd November 17, 2022); and (3) if so, whether the Court of Appeals adopted the correct standard for determining whether an insurer "formally denies" a claim for purposes of tolling the one-year-back period in § 3145(3). [*Encompass Healthcare, PLLC v Citizens Ins Co*, 513 Mich 904 (2025).]

On April 2, 2025, after oral argument and in lieu of issuing an opinion, our Supreme Court vacated this Court's opinion in this case and remanded the matter for reconsideration in light of its holding in *Spine Specialists*. *Encompass Healthcare, PLLC v Citizens Ins Co*, ___ Mich ___ (2025) (Docket No. 165321).

## II. LEGAL ANALYSIS

On remand, Encompass contends that our Supreme Court did not decide whether Citizens waived its challenge to retroactive application of MCL 500.3145(3) by neither presenting the issue to the trial court nor initially raising the issue in this Court. Thus, Encompass now urges this Court to rule that the issue is waived. Specifically, Encompass asserts that Citizens' motion for summary disposition in the trial court did not rely upon the pre-2019 version of MCL 500.3145, and Citizens did not argue that the 2019 amendment was inapplicable. Conversely, Citizens asserts that it has consistently maintained that Encompass's claims are barred by MCL 500.3145(2), and none of its arguments relied on the amended version of MCL 500.3145. Further, Citizens explains that, had our Supreme Court found the waiver issue meritorious, it would have been unable to remand the case to this Court for reconsideration in light of *Spine Specialists*.

While it is true that, "[i]n civil cases, Michigan follows the raise or waive rule of appellate review[,]" which obligates a litigant to "preserve an issue for appellate review," and the failure to

do so can prove fatal to a party's argument, as we have "no obligation to consider the issue," *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) (quotation marks and citation omitted), the record in this matter reveals that the parties, the trial court, and this Court were all proceeding under the assumption that the amended version of MCL 500.3145 applied. The parties focused exclusively on the application of MCL 500.3145(3)'s tolling provision, with Encompass contending that the EORs did not constitute the formal denials contemplated by MCL 500.3145(3), and Citizens countering that the EORs were formal denials.

But our Supreme Court emphatically decided in *Spine Specialists* that the amended version of MCL 500.3145 is not entitled to retroactive application to medical treatment that accrued before June 11, 2019. *Spine Specialists*, ___ Mich at ___; slip op at 20. Encompass cannot prevail under the raise-or-waive rule as a vehicle for side-stepping the decision rendered by our Supreme Court. Encompass's claim based on medical treatment accrued when that treatment was provided between June 2018 and October 2018. The amended version of MCL 500.3145 went into effect in June 2019, and Encompass filed its complaint against Citizens on November 4, 2019. Pursuant to *Spine Specialists*, the pre-amendment version of MCL 500.3145 and its strict one-year-back rule bars Encompass's recovery for medical treatment, which accrued before November 4, 2018. Because the pre-amendment version of MCL 500.3145 applies in this matter, it is immaterial whether the EORs constituted formal denials because the amended version of MCL 500.3145(3) with its added tolling provision is inapplicable here. Accordingly, the trial court's reliance on the amended MCL 500.3145(3) must be characterized as erroneous, so Citizens must be awarded summary disposition of all claims based upon medical treatment that accrued before November 4, 2018. We vacate the trial court's opinion in this matter and remand the case for further proceedings consistent with this opinion and our Supreme Court's holding in *Spine Specialists*. Based upon that authority, the trial court must grant Citizens summary disposition unless some issue not presented on appeal remains to be considered.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Kirsten Frank Kelly
/s/ Matthew S. Ackerman